## In re TIRRE.

(District Court, S. D. New York. July 7, 1899.)

BANKRUPTCY—INVOLUNTARY PETITION—JURISDICTIONAL AMOUNT.

In computing the amount of the indebtedness of a person against whom a petition in involuntary bankruptcy has been filed, to make up the jurisdictional sum of $1,000, the claim of a creditor to whom he had given a fraudulent preference, which is null and void under the act, should be included.

In Bankruptcy.

Edward K. Sumerwell, for petitioning creditors.
Henry Meyer, for the bankrupt.

BROWN, District Judge. The defendant, a grocer, becoming embarrassed, sold out his entire stock of goods, fixtures, etc., to one Schwoon for about $800. This price was applied in payment of a prior debt to Schwoon for money loaned and his assumption of a grocery bill owing by Tirre to Britten & Co. for $214.83, for which amount Schwoon gave his note to Britten & Co. Soon afterwards the remaining creditors filed a petition to have the defendant adjudged a bankrupt. The only defense is that the debts, excluding the debt to Schwoon, are less than $1,000.

I think the debt to Schwoon should be counted in reckoning the amount of defendant's indebtedness. The sale to Schwoon, who was thereby in effect preferred, was fraudulent as against the creditors under the bankruptcy act; and it was not valid under the bankruptcy act as between defendant and Schwoon, for the reason that it was not made for a "present fair consideration." Section 67, cl. e. Being "null and void" as respects Schwoon also, the debt to him remains unaffected by the void transfer, and that debt should, therefore, be counted among the debts still owing by the bankrupt. The cases cited by the defendant under the act of 1867 all relate to petitioning creditors. That presents a different question.

To exclude a debt upon the ground of a void preference, would enable the parties to evade the bankruptcy act altogether, and thus take advantage of their own wrong.

Bankruptcy adjudged.